## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR224** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **EDWARD EUGENE LEWIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR"). The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

Although the government has not objected as required pursuant to paragraph 6 of the Order on Sentencing Schedule (Filing No. 8), the government objected initially to the PSR as reflected in the Addendum.

The Defendant pleaded guilty to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The parties' plea agreement, reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), requires that the sentences for Counts I and II be consecutive to each other and also consecutive to the sentence imposed in another case, 8:05CR447. The plea agreement also provides pursuant to Rule 11(c)(1)(C) that the base offense level "shall be determined by U.S.S.G. § 2K2.1(a)(4)(A), and that U.S.S.G. §§ 2K2.1(b)(1), 2K2.1(b)(2), 2K2.1(b)(3), and 2K2.1(b)(4), DO NOT apply to the facts of this case and shall not be used in calculating your sentence."

The PSR applied a multiple count adjustment, resulting with a total offense level of 23. The government objected to the application of the multiple count adjustment initially, yet the government has not pursued the objection after receipt of the Revised PSR and the Addendum, which explains the probation officer's calculation. The Defendant has not objected to the PSR.

The objection will be discussed at sentencing. The Court suggests that the attorneys review *United States v. Coney,* 390 F. Supp. 2d 844 (D. Neb. 2005) (Hon. Richard G. Kopf).

IT IS ORDERED:

1. The government's objection to the Presentence Investigation Report (Addendum) will be discussed at sentencing;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 12th day of October, 2006.

BY THE COURT:

S/ Laurie Smith Camp
United States District Judge