IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR224 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| EDWARD EUGENE LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Filing No. 33).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

On February 14, 2007, the Eighth Circuit Court of Appeals issued a Judgment granting the Defendant's motion for dismissal. Under 28 U.S.C. § 2255, a defendant has one year to file a § 2255 motion from "the date on which the judgment of conviction becomes final." Therefore, the one-year period in this case ran on February 14, 2008. *United States v. Martin,* 408 F.3d 1089, 1090-91 (8th Cir. 2005); *Nichols v. Bowersox,* 172 F.3d 1068, 1072 (8th Cir. 1999) (in the context of 28 U.S.C. § 2244).

Lewis pled guilty to Counts I and II of the Information charging him as a felon in possession of a firearm. Before he entered his plea, Lewis was advised of the elements

of the offenses and the potential penalties, including applicable mandatory minimum terms and the fact that his term of incarceration on Count II would run consecutive to his term on Count I and consecutive with Case No. 8:05CR447. Lewis entered into an 11(c)(1)(C) plea agreement, and was sentenced in accordance with that agreement, receiving 77 months which was less than the Guideline Provisions of 92-115 months.

The Defendant's § 2255 motion was executed on August 8, 2013 (Filing No. 33, at 10), and received by the Court on August 16, 2013.  Lewis states that his § 2255 motion is timely asserting that the recent U.S. Supreme Court decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), is applicable to his case.  After careful review, the Court finds that his motion is untimely.

IT IS ORDERED:

1.   The Court has completed the initial review of the Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing No. 33);

2.   Upon initial review, the Court summarily denies the Defendant's § 2255 motion (Filing No. 33) as untimely;

3.   A separate Judgment will be issued denying the § 2255 motion; and

4.   The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 26th day of August, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge