IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA,**

        Plaintiff,

vs.

**EDWARD EUGENE LEWIS,**

        Defendant.

8:06CR224

ORDER

This matter is before the court on the defendant's, Edward Eugene Lewis (Lewis), Application to Proceed In Forma Pauperis (Application) (Filing No. 42). In support of the Application, Lewis filed a Prisoner Account Statement (Filing No. 43).

Before Lewis' appeal can proceed, a certificate of appealability must issue. **See** Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court denied Lewis' Motion for Certificate of Appealability because Lewis' § 2255 motion was untimely and "[t]he Supreme Court decisions on which the Defendant relies do not apply retroactively on collateral review." **See** Filing No. 40 - Oct. 21, 2013, Memorandum and Order; Filing No. 35 - Aug. 26, 2013, Memorandum and Order; Filing No. 38 - Text Order.[1] Subsequently, Lewis filed a Notice of Appeal. **See** Filing No. 41.

Lewis has previously been granted leave to proceed IFP. **See** Filing No. 19. According to the Federal Rule of Appellate Procedure 24, governing leave to proceed in forma pauperis:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> > (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not

---

[1] Lewis' § 2255 motion was executed on August 8, 2013, and received by the court on August 16, 2013. **See** Filing No. 33. Final judgment was entered against Lewis on February 14, 2007, therefore, the one-year period in this case ran on February 14, 2008. **See** Filing No. 35 - Aug. 26, 2013, Memorandum and Order.

> taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding[.]

Fed. R. App. P. 24(a)(3). The court finds that because Lewis was previously given leave to proceed IFP, if Lewis' appeal is in good faith, he could "proceed on appeal in forma pauperis without further authorization" in accordance with Fed. R. App. P. 24. However, this appeal is not in good faith due to the untimeliness and lack of basis for appeal. First, Lewis' § 2255 motion was untimely. Lewis' judgment became final in 2008 and he filed his § 2255 motion in 2013, more than five years beyond the limitations period. Second, in Lewis' Application, Lewis does not indicate the issues he intends to present on appeal. **See** Filing No. 42 - Application. Instead, Lewis entered "N/A." **See id.** Moreover, Chief Judge Laurie Smith Camp ruled the Supreme Court opinion Lewis relied upon in his § 2255 motion, specifically *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which determined any fact that increases the mandatory minimum is an element that must be submitted to the jury, was inapplicable to the circumstances surrounding Lewis' case. **See** Filing No. 38 - Text Order. Regardless of the merits of Lewis' claims in his § 2255 motion, his claims are barred by the non-retroactivity principle established by the Court in *Teague v. Lane*, 489 U.S. 288 (1989). **See** *United States v. Redd*, No. 13-2971, 2013 WL 5911428 (2d Cir. Nov. 5, 2013) (holding *Alleyne* establishes a new rule and does not apply retroactively on collateral review); *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013); *In re Payne*, No. 13-5103, 2013 WL 5200425 (10th Cir. Sept. 17, 2013). Accordingly,

**IT IS ORDERED**:

The defendant's motion to proceed in forma pauperis on appeal (Filing No. 41) is denied.

Dated this 15th day of November, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge